UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ERICK ALEXIS SALTOS MERO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00191-JRS-MJD |
| | ) | |
| SAMUEL OLSON Field Office Director, Chicago | ) | |
| Field Office, Immigration and Customs | ) | |
| Enforcement, in his official capacity, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Erick Alexis Saltos Mero is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on February 6, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Mr. Saltos Mero now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1 at 37.

For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on April 7, 2026**, Respondents must either: (1) afford Mr. Saltos Mero an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Saltos Mero from custody, under reasonable conditions of supervision.

## I.    Background

Mr. Saltos Mero is an Afro-Ecuadorian citizen of Ecuador who fled to the United States to avoid racial persecution in Ecuador. Dkt. 1 ¶ 2. He entered the United States on December 14, 2022, and was released on humanitarian parole on December 18, 2022. *Id.* ¶ 27. He has applied

1

for asylum, withholding of removal, and relief under the Convention Against Torture. *Id.* ¶ 3. At an ICE check-in in Chicago on February 6, 2026, Mr. Saltos Mero was arrested pursuant to an I-200 Warrant and placed in removal proceedings through the filing of a Notice to Appear. *Id.* ¶ 4; *see also* dkt. 8-1 at 7–11.

The Notice to Appear charges Mr. Saltos Mero with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General" and under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as not being in possession of necessary documentation *Id.* Dkt. 8-1 at 11. The "arriving alien" checkbox is unmarked. *Id.* at 8.

## II.    Discussion

Mr. Saltos Mero initially claimed that his current detention violates the Due Process Clause of the Fifth Amendment (Count I) and the Immigration and Nationality Act ("INA") (Count II), that the revocation of his parole violates the INA (Count III), the Due Process Clause (Count IV), and the Administrative Procedures Act ("APA") (Count V), and that the failure to follow regulations in revoking bond violates the APA and doctrine set forth in *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 266, 268 (1954), (Count VI). Dkt. 1 ¶¶ 111–36. He now concedes that his parole expired in 2023, which makes Counts III through VI unviable. Dkt. 11 at 9. Regarding Counts I and II, Respondents argue that Mr. Saltos Mero is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A) and that his detention is constitutional. Dkt. 8.

The Court finds that Mr. Saltos Mero's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Saltos Mero is entitled to habeas corpus relief on these grounds, the Court does not address Petitioner's other arguments.[1]

---

[1] Specifically, Mr. Saltos Mero argues that he is a class member entitled to relief through the declaratory judgment the Central District of California issued in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-

**A. 8 U.S.C. §§ 1226 and 1225**

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—

  (1) may continue to detain the arrested alien; and

  (2) may release the alien on—

    (A) bond . . . ; or

    (B) conditional parole[.]

---

SSS-BFM. Dkt. 1 ¶ 69. In that case, the district court certified a class under Federal Rule 23(b)(2) that seemingly would include Petitioner and held that DHS's widespread application of § 1225(b)(2) was contrary to the INA, vacating DHS's Policy under the Administrative Procedure Act, and entering final judgment. *Bautista v. Santacruz*, 2025 WL 3713981, *32 (C.D. Cal. Dec. 18, 2025). The applicability of *Maldonado Bautista* to resolve habeas actions outside the Central District of California is unclear. In *Trump v. J.G.G.*, the Supreme Court reiterated that (a) any claim implying the invalidity of the claimant's custody "must be brought in habeas corpus," and (b) habeas jurisdiction lies only with the district where the claimant is confined. 604 U.S. 670, 671–72 (2025) (applying *Nance v. Ward*, 597 U.S. 159, 167 (2022); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Because the Court finds that Petitioner is entitled to habeas relief, it need not resolve whether he is entitled to relief under *Maldonado Bautista*.

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether

4

or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### B. Mr. Saltos Mero Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record reflects that Mr. Saltos Mero is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Saltos Mero who have lived in the interior of the United States for years. *Sandoval v. Crowley*, No. 2:25-cv-560-JRS-MKK, 2025 WL 3760760, at *3–6 (S.D. Ind. Dec. 30, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See, e.g.*, *Sandoval*, 2025 WL 3760763, at *4-6.

Respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 8 at 8. Notably, Respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." Dkt. 8 at 9–13; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026). The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive

precedent.[2,] In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion. Because neither *Buenrostro-Mendez* nor the other cases cited by Respondents are binding on this Court, the Court declines to depart from its previous reasoning.

Accordingly, the Court concludes that Mr. Saltos Mero is entitled to a bond hearing under § 1226, and it declines to reach his other arguments.

### III.    Scope of Relief

Mr. Saltos Mero is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Saltos Mero requests immediate release from custody or, in the alternative, an individualized bond hearing. Dkt. 1 at 5. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court

---

[2] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that."). Further, after this matter was fully briefed, the Eighth Circuit decided *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026), and joined the Fifth Circuit in upholding the government's interpretation of § 1225(b)(2)(A). This Court continues to adhere to the Seventh Circuit's reasoning in *Castañon-Nava* for the reasons set out above.

finds that it would not be in the interests of justice to order Mr. Saltos Mero's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

### IV.    Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on April 7, 2026**, Respondents must either: (1) provide Mr. Saltos Mero with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Saltos Mero from custody, under reasonable conditions of supervision. No later than **12:00 p.m. on April 9, 2026**, Respondents must file documentation certifying that they have provided Mr. Saltos Mero with a bond hearing or released him from detention. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 3/31/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel